RECEIPT # 66715w
AMOUNT $ 250
SUMMONS ISSUED Y-1
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. M
DATE 9-9-05

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

JUDITH COELHO and
DANIEL COELHO,
Plaintiffs

Plaintiffs

vs.

Pro Mutual Group

Defendant

**05 - 11833 NMG**

MAGISTRATE JUDGE Dein

## COMPLAINT

### JURISDICTION

The United States District Court has jurisdiction over this matter on the basis of diversity of citizenship pursuant to 28 U.S.C., Sections 1332 and 1441 et seq., as the parties are citizens of different states.

### COUNT ONE

1.  Plaintiffs Judith and Daniel Coehlo are residents of the State of Florida.

2.  The Defendant, Pro Mutual Group, at all times herein mentioned, was a corporation providing medical malpractice insurance to physicians and maintained place of business in the Commonwealth of Massachusetts.

1

3. This is an action for damages pursuant to Regulations of Business Practices for Consumer Protection, G.L. c. 93A, section 2 and section 9 (1) & (3) as said regulations relate to the unfair methods of competition and unfair and deceptive acts and practices and that business of insurance, G.L. c. 176D, section 3, clause 9(f).

4. On or about April 10, 2003 the Plaintiffs filed a Complaint in the Barnstable County Superior Court, Commonwealth of Massachusetts, alleging that ALICE M. DALEY, M.D. and PMG Physician Associates, P.C. fell below the standard of care of the average qualified physician in their care and treatment of Plaintiff Judith Coehlo on December 18, 2000 through September 9, 2002.

5. Following the completion of discovery, it became reasonably clear that ALICE M. DALEY, M.D. and PMG Physician Associates, P.C. fell below the standard of care of the average qualified physician in their care and treatment of Plaintiff Plaintiff Judith Coehlo on December 18, 2000 through September 9, 2002.

6. As a result of the medical negligence of ALICE M. DALEY, M.D. and PMG Physician Associates, P.C. the Plaintiff Judith Coehlo did suffer a delay in the diagnosis of breast cancer resulting in permanent personal injuries.

7. Defendant, Pro Mutual Group, insured ALICE M. DALEY, M.D. and PMG Physician Associates, P.C for medical malpractice matters in the total amount of Three Million ($3,000,000.00) Dollars.

8. On June 29, 2005 a detailed letter of demand outlining the failure of of ALICE M. DALEY, M.D. and PMG Physician Associates, P.C was sent to the Pro Mutual Group on behalf of the Plaintiffs demanding the limit of the insurance policy for each Defendant.

9. Defendant, Pro Mutual Group, did not make an offer of settlement in response to the letter of demand.

10. On August 3, 2005 the Plaintiffs sent Pro Mutual Group a final letter of demand pursuant to M.G.L. c. 93A, M.G.L. c. 176D, section 3.

11. The conduct of the defendant, Defendant Pro Mutual Group, in failing to respond to Plaintiffs' communication of August 3, 2005 with an offer to equitably, promptly and fairly settle this claim where liability has become reasonably clear constitutes unfair claims settlement practices by reason of the following act or omission under M.G.L. c. 176D, section 3:

    Section 9 - Unfair Claims Practices

    And unfair claim settlement practice shall consist of any of the following acts or omissions:

    (f) Failing to effectuate prompt, fair and equitable settlements of claims which liabilities has become reasonably clear;

12. The prohibiting conduct referred to in paragraph eleven and twelve in this complaint violates the provision of M.G.L. c. 93A section 2 which states: unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

13. The acts and practices of Defendant Pro Mutual Group, that resulted in the loses hereinafter described, were done willfully or knowingly in violation of M.G.L. c. 93A section 2 as set forth above.

14.    On August 3, 2005, the Plaintiff issued to Defendant, a written demand for relief pursuant to M.G.L. c. 93A, identifying the claim and reasonably describing the unfair or deceptive acts or practices relied upon and the injuries suffered. The written demand for relief dated August 3, 2005, and received by the defendants shortly thereafter is attached hereto and incorporated by reference as Exhibit 1.

15.    During the thirty (30) days during which an offer or tender of settlement may have been made as prescribed by M.G.L. c. 93A, section 9 (3), the defendant, the Defendant Pro Mutual Group, failed to respond to plaintiff's 93A demand letter with a reasonable offer of settlement.

16.    Defendant Pro Mutual Group's, refusal to grant adequate relief upon demand was made in bad faith with knowledge or reason to know that the acts or practices complained of violated M.G.L. c. 93A, section 2.

17.    By reason of the Defendant Pro Mutual Group's past, present and continuing unfair claims to settlement practices, as set forth above in this complaint, Plaintiffs have and continue to be damaged by Defendant's delay or avoidance, whereby Defendant has been, is now and shall continue to realize unjust enrichment through interest and invested investment income for sums of money that Defendant, ought to have paid over to the Plaintiffs for said violation enumerated above.

**Wherefore**, Plaintiffs prays as follows: That the damages actually caused to the plaintiffs for the unfair and deceptive act or practices complained of have been established, that judgment entered pursuant to M.G.L. c. 93A, section 9 (3) in the amount double or triple the actual damages established in section "a" above ; that the Plaintiff be awarded reasonable attorney's fees pursuant to M.G.L. c, 93A, section 9(4);], that Plaintiffs be awarded costs incurred in

4

connection with this action pursuant to M.G.L. c. 93A section 9(4); that this Honorable Court order such other relief as deemed proper and necessary under the circumstances.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS

Respectfully submitted this 7th day of September, 2005.

The Plaintiffs By and Through Counsel,

Kenneth M. Levine, BBO# 296850
Sheila Mone, BBO# 634615
Kenneth M. Levine & Associates
370 Washington Street
Brookline, Massachusetts 02445
617-566-2700

# KENNETH M. LEVINE & ASSOCIATES

ATTORNEYS AT LAW

370 WASHINGTON STREET

BROOKLINE, MASSACHUSETTS 02445

(617) 566-2700

Fax (617) 566-6144

August 3, 2005

Jeanne Marie Farulla
Pro Mutual Group
101 Arch Street
Boston, Massachusetts 02205-5178

RE: Coehlo v. Daley, M.D.

Dear Ms. Farulla,

I am in receipt of your July 29th letter concerning the Coehlo v. Daley case. I did call twice to speak with you, but was unable to reach you.

While I do appreciate your need to have the matter evaluated by experts, based upon the deposition of the Defendant Dr. Daley, it is apparent that all of the experts will be in agreement concerning the medicine. Dr. Daley in her deposition acknowledged that the need for mammogram, ultrasound and follow up of the peanut sized lump she noted in Ms. Coehlo's breast. Dr. Daley attempted to blame the failure for the follow up on Ms. Coehlo. We all seem to agree on what should have been done, the only question is who is at fault for not doing what was needed.

As I explained in my previous letter, Dr. Daley claimed to remember Ms. Coehlo due to the "fear in her eyes" when the lump was found. It is nonsense to suggest that the same person that had fear in her eyes, the mother of two young children, would then fail to go a mammogram, ultrasound or other for follow up appointments. As you know, the medical record is silent concerning a mammogram, ultrasound or other for follow up appointments. Dr. Daley's story that the office dictation system was broken, and that when she re-dictated the office note a day later she "forgot' to write down the mammogram and ultrasound referral is unbelievable and insulting. Somehow Dr. Daley was able to note a dermatology follow up, but not a follow up for possible breast cancer. I cannot say strongly enough that Dr. Daley is not being honest and will exposed as such at the trial.

KENNETH M. LEVINE & ASSOCIATES

Jeanne Marie Farulla
Page two
August 3, 2005

    Therefore, please accept this letter as a formal demand pursuant to Massachusetts General Laws Chapter 176D and 93A. Pro Mutual has clearly and without question failed to properly investigate this matter. Had the case been properly reviewed it would be apparent that liability and damages are clear and that a good faith offer of settlement should have been made in reply to my previous correspondence.

    It is my intent to file suit in thirty days in the United States District Court against Pro Mutual Group for bad faith. At that time, I expect Pro Mutual to move to stay the proceedings pending the outcome of the underlying case. I will ask the Court to delay ruling on the motion until an in camera inspection of Pro Mutual's entire claim file can be performed. At that time I am certain your file will reveal that you had this case evaluated by experts some time ago. It is difficult to accept that Pro Mutual would litigate and defend a case for more than two years without any medical expert review of any type. Most likely you have been told the case is not defensible and are continuing to search for someone who will support your position.

    It is not my aim to make the process more difficult, but to move the case forward. This case should be resolved, but in order for that to happen, Pro Mutual must make a fair settlement offer or agree to attend mediation. Neither has happened to date.

    Pursuant to Massachusetts General Laws Chapter 176D and 93A demand for settlement is made for the full amount for the full amount of the PMG insurance policy of Two Million ($2,000,000.00) Dollars and the full amount of Dr. Daley's insurance policy of One Million ($1,000,000.00) Dollars for a total of Three Million ($3,000,000.00) Dollars.

    I look forward to hearing from you.

Very truly yours,

Kenneth M. Levine

KML/aaa

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Judith Coelho
Daniel Coelho

### DEFENDANTS
Pro Mutual Group

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kenneth M. Levine + Associates (617)566-2700
370 Washington Street, Brookline MA 02445

Attorneys (If Known)
05-11833 NMG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☑ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Insurance Bad Faith

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9/7/05
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Judith Coelho__
   __Pro Mutual Group__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   05cv11833 NMG

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __none__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Kenneth M. Levine__
ADDRESS __370 Washington Street, Brookline MA 02445__
TELEPHONE NO. __(617) 566-2700__

(CategoryForm.wpd - 5/2/05)